IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,094




EX PARTE GUY BERNARD MUNSCH, II, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0671009-F IN THE CRIMINAL DISTRICT COURT NO. TWO 
FROM TARRANT COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and indecency with a child and sentenced to forty years’ and twenty years’
imprisonment, respectively. The Second Court of Appeals affirmed his conviction. Munsch v. State,
No. 2-99-202-CR (Tex. App. – Fort Worth, May 24, 2001, pet ref’d). 
            Applicant contends, inter alia, that trial counsel rendered ineffective assistance in the
aggravated sexual assault of a child conviction because he failed to request a limiting instruction to
the testimony of Ms. Waggoner that was offered and admitted as the complainant’s prior inconsistent
statement. The Applicant also contends that counsel was ineffective when he failed to object to the
offer and admission of Ms. Waggoner’s testimony as the complainant’s prior inconsistent statement,
when the State had failed to lay the predicate under Tex. Rules of Evid. Rule 613 (a) and used Ms.
Waggoner’s testimony to add to the complainant’s testimony, not impeach it.
             The trial court has determined that trial counsel rendered effective assistance. However, this
determination is not supported by the record. The record reflects that the only evidence presented
to the jury that penetration occurred in the aggravated sexual assault conviction was that of Ms.
Waggoner. It is also clear from the record that the intermediate appellate court, when considering
the Applicant’s insufficiency of the evidence claim, considered Ms. Waggoner’s testimony for the
truth of the matter asserted, and that a limiting instruction from the trial court would not only have
been appropriate, but essential, to ensure that the jury did not misuse impeachment evidence as
substantive evidence of guilt. Because Ms. Waggoner’s testimony about what the complainant had
told her was admitted as complainant’s prior inconsistent statement, a limiting instruction would
have been appropriate. Routier v. State, 112 S.W.3d 554, 591 (Tex. Crim. App. 2003). Therefore,
counsel’s failure to request one as soon as the testimony was admitted constituted deficient
performance. Hancock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). The Applicant has
shown that counsel’s performance was deficient, and that the deficient performance prejudiced the
defense. Strickland v. Washington, 466 U.S. 668 (1984).
            Relief is granted. The judgment in Cause No. 0671009-F from the Criminal District Court
Number Two Judicial District Court of Tarrant County is set aside, and Applicant is remanded to
the custody of the Sheriff of Tarrant County to answer the charge against him.
            We decline to consider the Applicant’s double jeopardy issue.
 
Delivered: February 4, 2009
Do Not Publish